IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUSINESS ADVISORS MD, LLC, | § § § § | |
| Plaintiff, | § § § | DISTRICT COURT CASE |
| v. | § § § | NO. 3:21-CV-1451-BK |
| NATURAL STATE GENOMICS, LLC, SB HOLDINGS, LLC, PROVENCE23, LLC, STEPHEN HARRISON, and JEFFREY WEEKS, | § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF BUSINESS ADVISORS MD, LLC'S
FIRST AMENDED COMPLAINT**

Plaintiff Business Advisors MD, LLC ("Plaintiff" or "Business Advisors") files this First Amended Complaint against Defendants Natural State Genomics, LLC, SB Holdings, LLC, Stephen Harrison, Jeffrey Weeks, and Provence23, LLC (collectively, "Defendants").

**PRELIMINARY STATEMENT**

1.    This is a commercial debt collection suit to recover in excess of $2,000,000 pursuant to the terms of a medical billing service contract. Defendants failed to pay the outstanding amounts owed under the contract and repudiated the Agreement by prematurely terminating the contract and refusing to provide documentation necessary for Plaintiff to perform further services. The outstanding amounts owed are personally guaranteed by the owners of the contracting laboratory. Accordingly, Plaintiff brings its claims for breach of contract against the contracting

laboratory and its owners for all outstanding amounts owed, in addition to late fees provided for in the contract, attorneys' fees, costs, and interest at the highest rate allowed by law.

## JURISDICTION & VENUE

2. Jurisdiction is proper in this Court because the amount in controversy is in excess of $75,000 and because there is a complete diversity of citizenship between the parties. 28 U.S.C. §1332(a).

3. Venue in this district is proper because all or a substantial part of the events giving rise to the claims asserted herein occurred in Dallas County, Texas, and because Defendants contractually agreed to venue in Dallas County, Texas.

## PARTIES AND SERVICE OF CITATION

4. Business Advisors MD, LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 6100 West Plano Pkwy, Suite 3200, Plano, Texas 75093 and has otherwise appeared herein.

5. Natural State Genomics, LLC ("NSG") is a limited liability company organized under the laws of the State of Arkansas with its principal place of business located at 10809 Executive Center Drive, Suite 319, Little Rock, AR 72211. NSG has previously made an appearance herein and service upon NSG's counsel of record is sufficient service under the Federal Rules of Civil Procedure.

6. SB Holdings, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business located at 2211 Huntleigh Court, Little Rock, AR 72212. SB Holdings, LLC, has previously made an appearance herein, and service upon SB Holdings, LLC's counsel of record is sufficient service under the Federal Rules of Civil Procedure.

7.      Provence23, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business located at 5420 West Markham, Little Rock, AR 72205.  Provence23, LLC, has previously made an appearance herein, and service upon Provence23, LLC's counsel of record is sufficient service under the Federal Rules of Civil Procedure.

8.      Stephen Harrison is an individual and citizen of the State of Arkansas whose address is 34 Margeaux Drive, Little Rock, AR 72223.  Mr. Harrison has previously made an appearance herein, and service upon Mr. Harrison's counsel of record is sufficient service under the Federal Rules of Civil Procedure.

9.      Jeffrey Weeks is an individual and citizen of the State of Arkansas whose address is 1535 Declaration Cove, Conway, AR 72034.  Mr. Weeks has previously made an appearance herein, and service upon Mr. Weeks's counsel of record is sufficient service under the Federal Rules of Civil Procedure.

## FACTS

### NSG ENGAGES BUSINESS ADVISORS TO PERFORM MEDICAL BILLING AND SUPPORT SERVICES.

10.     Business Advisors is a medical billing and administrative support company. Through years of experience in the medical billing and administrative support industry, Business Advisors has developed effective and efficient methods and processes for providing medical and laboratory billing, credentialing, coding, and other administrative support services to medical providers. These methods and processes enable healthcare providers and laboratories to timely and effectively bill and collect medical claims. Business Advisors employs a dedicated team of staff

to service each client's account, and has earned a sterling reputation in its industry and an "A+" rating from the Better Business Bureau.

11. NSG is a privately owned laboratory that performs toxicology testing, genetic testing, and molecular diagnostics for medical providers and their patients.

12. Stephen Harrison, Jeffrey Weeks, and Provence23, LLC are members and owners of NSG, and SB Holdings, LLC, was a member and owner of NSG at all other relevant time periods. Mr. Harrison, Mr. Weeks, Provence 23, LLC, and SB Holdings, LLC, are collectively referred to herein as the "NSG Owners."

13. On February 1, 2020, NSG and Business Advisors entered into a Service Agreement wherein NSG agreed to pay Business Advisors to handle all medical claim processing, billing, collection, and administrative support services for NSG (the "NSG Agreement" or the "Agreement").

14. Under the terms of the Agreement, NSG agreed to provide Business Advisors with the documentation needed to process all of their medical claims and handle billing and collections. In turn, Business Advisors agreed to enter patient demographics, process medical claims, process and submit claims to insurance companies, follow-up on rejections or denials, post insurance payments, and generate patient statements using NSG's web-based billing system.

15. The Agreement provided for an initial term of 180-days from the date of execution. On the last calendar day of the final month of the term (the "Renewal Date"), the Agreement automatically renewed for successive 180-day periods unless Business Advisors received written notice of termination at least 60-days prior to the Renewal Date. The Agreement further provide that NSG is responsible for payment of the monthly billing fees for one month following the end of the term of the Agreement.

16. Under the terms of the Agreement, NSG agreed to pay Business Advisors 6% of monthly collections (from insurance and patients) on all medical claims. NSG also agreed to pay Business Advisors a $100 per day late fee on each monthly payment not received by the 10th day of the month. NSG further agreed, unconditionally, to pay Business Advisors its monthly fees through the end of the fixed term of the Agreement. Where actual monthly collection amounts were not available, NSG agreed to pay Business Advisors the average monthly fee calculated from the prior three months.

17. The NSG Owners guaranteed all payments under the terms of the NSG Agreement.

### NSG Breaches the Agreement and Defendants Fail to Pay the Outstanding Amounts Owed.

18. Business Advisors and NSG performed under the Agreement during the initial 180-day term and a 180-day second term.

19. Business Advisors did not receive written notice of termination of the Agreement 60-days in advance of the Renewal Date for the third 180-day term.

20. On February 1, 2021, the NSG Agreement automatically renewed for a third 180-day term. Pursuant to the NSG Agreement, the third term ends July 31, 2021, and NSG and the NSG Owners are responsible for payment of monthly fees through August 30, 2021.

21. On February 22, 2021, after the Agreement had already renewed for a third term, Stephen Harrison, on behalf of NSG, emailed Business Advisors written notice to terminate the Agreement (the "Termination Notice") purporting to terminate the Agreement effective February 28, 2021.

22. On February 24, 2021, Business Advisors acknowledged receipt of the Termination Notice, but made clear to NSG that under the terms of the Agreement, the Termination Notice did not terminate the Agreement as of February 28, 2021, or any other arbitrary date unilaterally

selected by NSG. Rather, pursuant to the Termination Notice, the Agreement would not renew for a fourth term.

23. Despite Business Advisors' response, and contrary to the terms of the Agreement, NSG thereafter stopped paying Business Advisors amounts due and owing under the Agreement and stopped performing all of their obligations under the Agreement.

24. Specifically, NSG defaulted on its obligation to pay Business Advisors for monthly fees due and owing for April and May 2021.

25. As of April 1, 2021, NSG has failed and refused to provide Business Advisors with any medical claims documentation needed in order for Business Advisors to process the medical claims and tender performance under the Agreement. Business Advisors, on numerous occasions, followed up with NSG on the same, but received no response or communication whatsoever.

26. Accordingly, on April 19, 2021, Business Advisors sent NSG written notice of its material breach of the Agreement and demand for payment and performance assurances. Business Advisors made clear that it employs a dedicated team of staff to service NSG under the Agreement in reliance on the agreed, fixed term of the Agreement. Business Advisors re-iterated to NSG that, under the terms of the Agreement, NSG unconditionally agreed to pay Business Advisors through the end of the third term notwithstanding Business Advisor's inability to render services under the Agreement due solely to NSG's non-performance.

27. NSG and the NSG Owners owe Business Advisors monthly fees through the end of the NSG Agreement (*i.e.,* third term) of approximately $2,084,300.00, plus late fees on each outstanding monthly payment accruing at $100/day.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT AGAINST NSG AND THE NSG OWNERS

28. Business Advisors hereby incorporates the factual allegations set forth in the above paragraphs as if fully set forth herein.

29. The NSG Agreement is a valid and enforceable contract.

30. Business Advisors has performed all conditions precedent, covenants, and promises required of it under the terms and conditions of the NSG Agreement. Business Advisors rendered all services and performed all labor associated with the terms of the NSG Agreement and business dealings between Business Advisors and NSG.

31. As described above, NSG breached the NSG Agreement by failing to pay Business Advisors monthly fees due and owing under the NSG Agreement. NSG further breached the NSG Agreement by failing and refusing to perform its obligations under the NSG Agreement, including, among other things, failing to pay the outstanding amounts due thereunder, repudiating the NSG Agreement, and refusing to send Business Advisors documentation for the processing of any medical claims on and after April 1, 2021.

32. On April 19, 2021, Business Advisors provided NSG written notice of its material breach of the Agreement and demand for payment and performance assurances. Under the terms of the NSG Agreement, NSG unconditionally agreed to pay Business Advisors through the end of the third term and the following month notwithstanding Business Advisor's inability to render services under the NSG Agreement due solely to NSG's wrongful repudiation and non-performance.

33. Despite Business Advisors' written notice and demand for performance assurance, NSG has failed to perform, failed to provide adequate assurance of future performance, and failed to pay Business Advisors pursuant to the terms of the NSG Agreement.

34. Similarly, the NSG Owners personally guaranteed the amounts owed to Business Advisors by NSG under the Agreement, but have failed to pay the outstanding amounts owed.

35. As a direct and proximate result of NSG's breaches and repudiation of the Agreement, Business Advisors has suffered actual damage of $2,084,300 in monthly fees owed under the Agreement, in addition to the contractual late fees in the amount of $100 per day, all attorneys' fees and costs incurred, and prejudgment interest on the outstanding amount owed.

36. Because Business Advisors' claims are for, among other things, services rendered, labor performed, and breach of contract, and Business Advisors has been required to retain the undersigned attorneys to prepare, file, and prosecute this suit, Business Advisors has incurred, and will further incur, costs in connection with the prosecution of this suit, including attorneys' fees and other costs. Business Advisors has presented it claim for payment. As such, Business Advisors is entitled to recover any and all reasonable attorneys' fees and costs, pursuant to CHAPTER 38 of the TEX. CIV. PRAC. & REM. CODE.  Business Advisors is also entitled to recover all attorneys' fees and costs incurred to collect the outstanding amount owed pursuant to the terms of the NSG Agreement, which provides for the recovery of all attorneys' fees and costs incurred to collect the outstanding amount owed.  Business Advisors also requests it be awarded all lawful pre-judgment and post-judgment interest.

### COUNT II: QUANTUM MERUIT AGAINST NSG AND THE NSG OWNERS

37. In the alternative to Count I, Business Advisors hereby incorporates the factual allegations set forth in the above paragraphs as if fully set forth herein.

38. NSG and the NSG Owners promised to pay Business Advisors for performing the services identified in the NSG Agreement for a fixed period of time, and Business Advisors relied on the promise of NSG and the NSG Owners. With the reasonable expectation that NSG and the NSG Owners would perform their obligations under the NSG Agreement and pay Business

Advisors for the services rendered and labor performed for the agreed period of time, Business Advisors performed the services identified in the NSG Agreement and employed a dedicated team of staff to perform such services under the NSG Agreement.

39. The services rendered, labor performed, and materials furnished to NSG and the NSG Owners by Business Advisors were valuable and conveyed a benefit to NSG and the NSG Owners. Business Advisors has not been compensated for the services rendered, labor performed, and materials furnished to NSG and the NSG Owners, and has therefore been damaged.

40. Business Advisors is entitled to recover the reasonable value of the services rendered, labor performed, and materials furnished by Business Advisors for NSG and the NSG Owners. Business Advisors is also entitled to disgorge any profits or other unjust enrichment NSG and the NSG Owners have received from the valuable services rendered, labor performed, and materials furnished by Business Advisors, including all revenue generated by NSG based in whole or in part on Business Advisors' acts. Additionally, Business Advisors is entitled to recover any and all reasonable attorneys' fees and costs, pursuant to CHAPTER 38 of the TEX. CIV. PRAC. & REM. CODE, and Business Advisors also requests it be awarded all lawful pre-judgment and post-judgment interest.

## CONDITIONS PRECEDENT

41. All conditions precedent to Business Advisors' claims for relief have been performed or have occurred.

## BENCH TRIAL

42. Business Advisors hereby requests a bench trial of all issues set forth in this Complaint and all issues that may hereafter arise in this action.

## ATTORNEYS' FEES

43. Business Advisors is entitled to recover its reasonable and necessary attorneys' fees under the Agreement as well as under CHAPTER 38 of the TEX. CIV. PRAC. & REM. CODE.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that this Court enter a judgment in Plaintiff's favor and against Defendants, providing for relief, as follows:

(1) Judgment, jointly and severally, against NSG and the NSG Owners in the amount of $2,084,000.00, plus $100 per day in late charges, and all other damages in an amount to be determined at trial;

(2) Prejudgment and post-judgment interest at the highest lawful rate;

(3) All attorneys' fees and costs allowed by law; and

(4) Such further relief as the Court may deem appropriate and which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Jamie R. Welton*
Jamie R. Welton
State Bar No. 24013732
Lucas C. Wohlford
State Bar No. 24070871
**DUANE MORRIS, LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Facsimile: (214) 257-7201
jrwelton@duanemorris.com
lcwohlford@duanemorris.com

**ATTORNEYS FOR PLAINTIFF
BUSINESS ADVISORS MD, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 24, 2021, the foregoing First Amended Complaint was forwarded to counsel for Defendants through the ECF filing system.

                                            */s/ Jamie R. Welton*
                                            Jamie R. Welton